IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

FRANKLIN STREET CORPORATION, )
vs )
THE CITY OF CLARKSVILLE, ) Docket Number: _____
TENNESSEE. ) JURY DEMAND

## COMPLAINT

Plaintiff sues the City of Clarksville, Tennessee for damages as set forth herein. A Jury is demanded for the trial of this civil action.

## JURISDICTION AND VENUE

1. This is a civil action for injunctive relief and damages pursuant to 42 U.S.C. Section 1983, based upon the continuing violation of Plaintiff's rights under the 4th, 5th and 14th Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. Section 1331 based upon 42 U.S.C Section 1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. Section 2201(a) and 2202 as the declaration of rights of the parties under City Ordinances is sought. Supplemental jurisdiction over any of Plaintiff's State law claims is granted to this Court pursuant to 28 U.S.C. Section 1367.

2. Venue is proper in the Middle District of Tennessee in that the events complained of herein all occurred in the Middle District of Tennessee.

## PRELIMINARY STATEMENT - FACTS

3. This civil action arises from the uncompensated taking of land by the City

of Clarksville from Plaintiff Franklin Street Corporation. This also includes subsequent regulatory actions, or positions, or customs or usages undertaken by the City of Clarksville which made the use of the Plaintiff's land for construction impossible. This was done under color of law and has deprived of the Plaintiff. The City of Clarksville, in 2001, acquired real property from the Plaintiff for the purpose of installing utilities and for constructing a public alley. The Plaintiff owned a tract in downtown Clarksville which fronted on 2nd Street. The City of Clarksville purchased approximately one fourth of the Plaintiff's real property. The Plaintiff retained three quarters of the tract of the real property. The transaction took place when Mayor John Piper approached Mr. Jeff Robinson about property which was available for purchase on 2nd Street in Clarksville, Tennessee, and, promised that the City of Clarksville would buy a portion of that real property, if Mr. Robinson, via the Corporation Franklin Street Corporation, of which he was and is the President, would purchase the real property. In fact this transaction took place.

4. A part of the promise of the City of Clarksville was that an alley would be constructed on the real property purchased by the City. The land sold to the City adjoins real property of the Plaintiff. But for the promise of the construction of the alley, the Plaintiff would not have bought the real property tract, including the portion which the City of Clarksville desired to purchase. Further the Plaintiff would not have sold the real property to the City of Clarksville had it been known the City Ordinance would not be enforced. This action was confirmed by the City of Clarksville Ordinance which authorized the purchase for a "public alley."

5. The City of Clarksville, by its duly appointed representatives, adopted an ordinance allowing the purchase of the real property in question for a public alley. The duly appointed representatives of the City of Clarksville further informed the Plaintiff's proper representative, that the alley would not be constructed until a building was constructed, because construction of the building may damage the alley, and as result, delay of the construction was appropriate. This was acceptable to the Plaintiff at that time. The City of Clarksville has since taken the position that this Ordinance is void, or inapplicable in some way. This has deprived the Plaintiff of the ability to build a building on the lot to expand their existing business, costing the business significant money loss for which damages are sought.

6. In 2016, the City of Clarksville, on the real property which was purchased for utilities and the construction of a public alley, installed a utility specifically a sewer. The City of Clarksville used the Plaintiff's land, with the Plaintiff's permission, on which to stage the construction. A mistake resulted in a portion of that sewer being installed on the Plaintiff's remaining real property.

7. The Plaintiff approached the City of Clarksville about resolving that issue, specifically the intrusion upon Plaintiff's real property by a City of Clarksville sewer, and offered to resolve the issue regarding the intrusion, if the alley would be constructed. At that time, the Plaintiff was prepared to build a building. This offer was rejected by the City of Clarksville, with the city claiming no duty at law to construct the alley. This made construction of the building as planned impossible. The sewer is a permanent physical

occupation on the Plaintiff's real property. The land had been in essence taken.

8. Thereafter a civil action commenced in the Circuit Court for Montgomery County, involving various causes of action including inverse condemnation. The inverse condemnation action was resolved in the Plaintiff's favor, based upon a small judgment, and an award of attorney's fees which has not yet been determined. That Judgment is not yet a final Judgment. That action is referred to as the Circuit Court Action.

9. The Court in the Circuit Court action would only allow damages related to the portion of the property on which the sewer had been installed. This did not take into account the further taking by the City of Clarksville, related to the regulatory action prohibiting the building of a building within approximately 5 feet of the sewer. The Court did not allow damages for deprivation of intended use of the remaining real property by the City of Clarksville's refusal to construct the alley as promised. The damages related to the Circuit Court action, are not the complete damages which the Plaintiff may receive. It is not believed that the Subdivision ordinance is applicable. The Ordinance is one related to new construction of sub-divisions. However, the City of Clarksville, by common usage, has required additional real property, in accord with the Sub-Division Ordinance, in essence to approve the site plan.

10. During the civil action, the City of Clarksville had asserted a position that the City of Clarksville Sub Division ordinance authorized the taking of an additional 5 feet of real property, beyond the sewer installation, for use by the City of Clarksville. This position was brought before the Circuit Court as an affirmative defense. Because of the late

timing of the application to assert this affirmative defense, this defense was not permitted. This City of Clarksville ordinance, as interpreted by the City of Clarksville, constitutes a mandatory requirement that an applicant for a building wherein a sewer is involved or City utilities are involved, granted to the city the exclusive use of an additional 5 feet of the real property of the Plaintiff, without compensation.

11. The City of Clarksville has adopted different positions, with regards to this ordinance, as more specifically described herein. It is impossible to understand the actual position of the City of Clarksville or to resolve the issue presented. Plaintiff has tried before resorting to litigation.

12. After the Circuit Court civil action was tried to a jury, application for the approval of a site plan for the remaining real property was submitted to the Regional Planning Commission, a subdivision of the City of Clarksville and Montgomery County, Tennessee by the Plaintiff.

13. The Plaintiff sought, by site plan, to build a building in close proximity to the sewer pipe. This was consistent with the existing zoning. The real property in question is located within the Commercial Business District (CBD) a special zoning which allows buildings to be built lot line to lot line. The building which is to be constructed was entirely upon the Plaintiff's real property. Application was made to obtain a true outline of what would be allowed by the Regional Planning Commission. At the Regional Planning Commission meeting the Director of the Regional Planning Commission, Mr. Jeffrey Tyndall, indicated that construction could be authorized by the City of Clarksville, abutting

the sewer pipe, subject to the approval by applicable City of Clarksville Departments (i.e., Gas & Water). At that time, Mr. Tyndall specifically stated that the ordinance which had been asserted in the Circuit Court action was not an ordinance which required the Plaintiff to provide to the City an uncompensated easement for utilities.

14. After that meeting, a representative of the City of Clarksville Gas and Water Department approached the Plaintiff's representative Mr. Jeff Robinson, and stated that the City of Clarksville did not want the planned building of the building to be made close to the city sewer pipe which was built on the Plaintiff's real property. This takes property from the building lot, which would be allowed to be built lot line to lot line consistent with the CBD zoning. This meeting occurred after the Regional Planning Commission meeting on December 19, 2019. This action, done under common usage and under color of law, constitutes a taking. This constitutes a taking under color of law.

15. An effort was undertaken to resolve the situation, by granting the City additional use of Plaintiff's property for the purpose of the sewer pipe and utilities, and an informal agreement was struck. Plaintiff's representative Mr. Jeff Robinson was informed that a document to resolve this matter would be presented, however, to date that document has not been presented. Counsel for the Plaintiffs in this matter made contact with the City of Clarksville's City Attorney, to determine the position of the City of Clarksville, and was informed that there was no formal agreement, but it was being considered by the Mayor of the City of Clarksville. This was approximately 5 months after the Regional Planning Meeting, and after the representations made to Mr. Robinson. This position is contrary to

what had been represented by the City of Clarksville, both with regards to the interaction regarding the representative of Gas and Water, and what had been represented to be the position of the City at the Regional Planning Commission meeting.

16. The result of the foregoing is that the Plaintiff is unable to go forward with construction on real property that they own. This is based upon the regulatory interpretation of the City of Clarksville, or, simply the needs of the City of Clarksville which are based upon space needed for utilities for the City of Clarksville.

17. As a result of the foregoing, Plaintiff's complaint seeks the following relief:

1. Complete compensation for the actual taking undertaken by the City of Clarksville, with regards to the installation of the sewer, and the desire of the City of Clarksville to require additional space, besides the specific utility usage, for the exclusive use of the City of Clarksville.

2. An injunction against the City of Clarksville prohibiting the City of Clarksville from requiring the taking from property owners of additional land, when utilities are installed by the City of Clarksville in the CBD which deprives the owner of lawful land usage. A Mandatory Injunction requiring the City of Clarksville to pay reasonable compensation, or otherwise engage in eminent domain, with regards to property on which they desire to install utilities, or prohibit use by the owner of the property to allow servicing of utilities, rather than holding landowners hostage with regards to the installation of utilities.

3. A money judgment against the City of Clarksville, Tennessee for the additional taking which is the result of the position articulated by the City Attorney.

4. A money judgment for the failure of the City to comply with the Ordinance regarding the alley.

5. Grant the Plaintiffs a judgment against the City of Clarksville for their reasonable Attorney's fees, litigation expenses and

costs. Counsel seeks Attorney's Fees in the amount of $500.00 per hour.

## AMENDMENT OF COMPLAINT

18. It is anticipated that this Complaint will be amended, consistent with Rule 15, Federal Rules of Civil Procedure, when additional information is obtained from the City of Clarksville. The Plaintiff's representative, Mr. Jeff Robinson, consistent with Tennessee Open Records Act, requested information from the City of Clarksville, related to the City's position with regards to the ordinance, and application with regards to the additional 5 feet sought by the City. This information was refused by the City of Clarksville. As result, it is anticipated that this Complaint will be amended, and notice of that fact is respectfully given.

## PARTIES

19. The Plaintiff Franklin Street Corporation is a Tennessee Corporation, which owns real property at issue in this civil action within the corporate limits of Clarksville, Tennessee.

20. The Defendant City of Clarksville, Tennessee is a political subdivision of the state of Tennessee. Service of process upon the defendant City of Clarksville is appropriately exercised by service upon Mayor Joe Pitts.

## BASIS OF ACTION

21. The right for an aggrieved Plaintiff to bring suit against a state or local official, or a City or municipality for the deprivation of any rights, privileges, or immunities

secured by the Constitution and federal laws, is secured to the Plaintiff by 42 U.S.C. Section 1983. Section 1983 allows claims of alleging the deprived nation of any rights, privileges, or immunities secured by the Constitution and federal laws.

22. The Defendant, by and through its representatives, has acted under color of law, specifically an ordinance, regulation, custom, or usage, of the City of Clarksville, with regards to the real property application of the Plaintiff. Further, the Defendant, by application of the ordinances described herein, has attempted to utilize ordinances, to support positions which are not applicable under the ordinance, and, have represented ordinances in fact are applicable, or not applicable, to the detriment of the Plaintiff.

23. The Plaintiff seeks a Mandatory Injunction regarding the application of the City of Clarksville ordinance, granting unto the City the exclusive use of additional land, next to City of Clarksville utilities, for which appropriate compensation was not paid. This is sought consistent with the Declaratory Judgment Act.

## LIMITATION OF ACTIONS

24. This civil action, in part, is related to the 1983 cause of action which could not be brought in the State Court action, based upon the application of the then stated law. This matter is now presented consistent with Knick v. Township of Scott, 139 S.Ct. 2162 (2019).

## COUNT 1 - WRONGFUL TAKING OF LAND BY REGULATORY ACTION OR UNDER COLOR OF LAW

25. The action of the City of Clarksville, taking additional land next to the

sewer, constitutes a taking without compensation for which a Judgment is sought consistent with the 5th Amendment of the United States constitution.

## COUNT 2 - TAKING OF LAND BY PLACING SEWER ON LAND

26. The action of the City of Clarksville, in placing a sewer on the Plaintiff's land constitutes a taking without compensation for which a Judgment is sought consistent with the 5th Amendment of the United States constitution.

## COUNT 3 - DEPRIVATION OF EQUAL PROTECTION

27. The action of the City of Clarksville, in denying its own ordinance related to the alley, even if correct under State law, is a denial of the due process protections afforded the Plaintiff, for which Judgment is sought.

## COUNT 4 - MANDATORY INJUNCTION SOUGHT

27. A Mandatory Injunction is sought barring the taking of real property in the CBD for utilities without just compensation.

WHEREFORE, premises considered, Plaintiff seeks Judgment against the City of Clarksville in the amount of not less than three million dollars for loss of ability to use real property, loss of income related to the inability to build on the lot, and the direct taking of land without compensation. Plaintiff seeks a Judgment for the reasonable attorney's fees incurred by the Plaintiff.

Respectfully submitted,

_____
MARK R. OLSON, BPR No. 11630
OLSON & OLSON, PLC
112 S. Second Street, Suite 200
Clarksville, Tennessee 37040-3460
Telephone:	931-648-1517
Facsimile:	931-648-9186
Email:	molson@olsonplc.com

_____
TAYLOR R. DAHL, BPR No. 34200
130 Franklin Street
Clarksville, Tennessee 37040
Telephone:	931-572-1134
Facsimile:	931-572-1138
Email:	tdahl@kturnerlaw.com

Attorney for the Plaintiffs

10985.1.COMPLAINT

Page 11 of 11

Case 3:20-cv-00523   Document 1   Filed 06/19/20   Page 11 of 11 PageID #: 11